## Losh *versus* Pennsylvania Canal Co.

In an action to recover the penalty provided by the Act of April 10th 1826 § 9 (P. L. 304), for tapping a canal and taking water therefrom, without the written permission of the managers or directors of such canal company, parol testimony is inadmissible to prove in justification a verbal grant even though made under and accompanied by circumstances which, if the contract were for the sale of land, would take the case out of the operation of the statute of frauds.

May 9th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Perry county*: Of January Term 1883, No. 42.

Debt, by the Pennsylvania Canal Company against George Losh, to recover the statutory penalty imposed by the Act of April 10th 1826, § 9 (P. L. 304), which provides as follows:

"That no person shall construct any building, wharf, basin, or watering place, or make and apply any device whatsoever, for the purpose of taking water from any canal or feeders, reservoir, dam, or pool, belonging to, or forming part of any artificial navigation, constructed, as aforesaid, without first obtaining permission therefor from the directors, managers, or commissioners of such navigation, in writing; and, if any person shall offend against this section, by commencing or making any such construction, or apply such device without such permission, or shall not conform to the direction of such directors, managers, or commissioners, in respect to the location and size of such building, wharf, basin, watering place, or device, as aforesaid, such person shall, for every such offence, forfeit a sum not exceeding one thousand dollars."

Pleas, nil debet, and license.

On the trial, before JUNKIN, P. J., the defendant admitted the taking of the water from the plaintiff's canal, and offered to prove in defense that he had obtained a verbal grant from Wierman, chief engineer of the Pennsylvania Railroad Company in 1860 or 1862, when that company owned the canal, to tap the basin, and that in pursuance of that grant, he had entered into possession, made valuable improvements, and had uninterruptedly used the waters of said canal for his mill race from 1861 down to 1878, when the action was first brought; that he obtained this right in consideration of his permitting the said company to fill up the bottom of a culvert under the canal below the tail race of his saw-mill, which had the effect of impeding his water wheel.

The court refused to admit this evidence as a justification, or as granting a right to tap the canal, because the Act of As-

[*Losh v.* Pennsylvania Canal Co.]

sembly required that such grant must be in writing, and obtained from the directors, managers or commissioners of said navigation, but admitted it in mitigation of damages.

The court instructed the jury to render a verdict for the defendant. Verdict accordingly for $1, and judgment thereon. The defendant thereupon took this writ of error, assigning for error the refusal of his offer in justification and the instruction to find for the plaintiff.

*W. A. Sponsler,* for plaintiff in error.—Equity will be prompt to relieve contracting parties from the technical provision of an Act of the legislature which is substantially an extension of the statute of frauds and perjuries, where under the oral contract possession has been delivered, the consideration paid, and valuable improvements made : Milliken *v.* Dravo, 67 Pa. St. 230.

*Hall* (with him *Jordan* and *McIntyre*), for the defendant in error.

The opinion of the court was filed May 21st 1883.

Per Curiam. This case is controlled by the Act of 10th April 1826, P. L. 304. The ninth section thereof was designed to fully protect the canal and all the waters thereof against all persons attempting to use the same for private purposes. Hence it declared no such right could be created otherwise than by permission in writing. In creating a public highway the legislature intended that the rights of the public to its use and enjoyment should not be subjected to the uncertainty of parol testimony. It is not pretended that the plaintiff in error acquired any right in the only form prescribed by the Act of Assembly for vesting the same in him. The court was therefore right in giving the jury binding instructions to find against him.

Judgment affirmed.